IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANAND JHAGROO on behalf of himself and on behalf of All Others Similarly Situated, §§§§ | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-3617 |
| § | |
| ALL STAR WILDLIFE ANIMAL CONTROL; DEREK SWANSON; BRYAN SAWNSON; 2nd CHARITY "STAR" OUTEN, §§§§§ | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION

Pending before the court[1] is Plaintiff's Motion for Summary Judgment (Doc. 46). The court has considered the motion and the applicable law. For the reasons set forth below, the court **GRANTS** Plaintiff's summary judgment motion.

### I. Case Background

Plaintiff brought this suit against Defendants, alleging that Defendants violated the Fair Labor Standards Act[2] ("FLSA") by failing to pay minimum wage, commissions and overtime as well as by failing to keep adequate records of Plaintiff's hours.

Defendants answered the lawsuit, asserting that Plaintiff failed to state a claim for which relief could be granted, that

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 24.

[2] 29 U.S.C. §§ 201-219.

Plaintiff's complaint was barred, at least in part, by limitations, that Plaintiff's complaint was barred, at least in part, by the doctrine of laches, and that Plaintiff was exempt from the overtime provisions of the FLSA based on a number of legal theories.[3]

On September 17, 2014, Defendants' counsel filed a motion to withdraw, which was granted.[4]  On September 22, 2014, Plaintiff filed a notice of nonsuit against an unserved party, and, shortly thereafter, the court entered an order of nonsuit without prejudice.[5]  Plaintiff propounded requests for admission to Defendants on September 3, 2014.[6]  Defendants have not answered any of the requests.  The time to respond ended on October 3, 2014.

Plaintiff filed the present motion for summary judgment on February 6, 2015, relying, in part, on admissions deemed conclusively established under the Federal Rules of Civil Procedure.  Defendants failed to respond to Plaintiff's motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.

---

[3]   Doc. 18, Defs.' Original Answer and Affirmative Defenses p. 4-5.

[4]   Doc. 32, 39 Defs.' Mot. to Withdraw as Counsel p. 1.

[5]   Doc. 41, Pl.'s Notice of Nonsuit p. 1-2.

[6]   Doc. 46-1, Req. for Admis. to each Def. p. 42.

Civ. P. 56(c); Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). Admissions on file provide proper grounds for summary judgment. Fed. R. Civ. P. 56;[7] In re Carney, 258, F.3d 415, 420 (5th Cir. 2001).

### III. Analysis

Plaintiff seeks summary judgment in his favor on his FLSA claims based on his testimony that he worked approximately seventy-two hours per week but was only paid for forty hours per week. Plaintiff also testified that Defendants "failed to keep accurate records of [his] employment," and that "Defendants knew that [he] was working in excess of forty hours per week."[8] Plaintiff calculated that he had been underpaid for commissions in the amount of $3,438.81, underpaid for minimum wage in the amount of $766.08,

---

[7] Prior to the 2007 amendments, Rule 56(c) actually listed "admissions on file" amid types of discovery that the court should review in determining whether a genuine issue of fact existed. Now, the rule refers more generally to discovery materials. The Advisory Committee Notes reflect that the changes were not intended to be substantive, but were to be stylistic only. Therefore, the court attributes no change in meaning to the removal of specific reference to admissions.

[8] Doc. 46-1, Aff. of Anand Jhagroo p. 2.

3

and underpaid for overtime in the amount of $6,612.00. Plaintiff also seeks attorney's fees in the amount of $20,595.50 and additional fees if the case is appealed.

Not only is summary judgment justified on the basis of Plaintiff's uncontroverted affidavit, but it is also warranted based on Defendants' deemed admissions. When a party fails to respond timely to requests for admission, those matters are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Fifth Circuit values a litigant's right to depend on matters admitted without the concern that they are subject to change later, and, thus, the court "has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." In re Carney, 258 F.3d at 419.

Defendants are deemed to have admitted, inter alia, that Plaintiff wore a required uniform, and that they provided Plaintiff with a truck, ladder, tools, chemicals and a gas card in order to perform his job. Defendants have admitted that they failed to pay Plaintiff at the rate of one and one half times his hourly wage for hours worked in excess of forty per week. Defendants have admitted that they failed to pay Plaintiff a wage equal to or in excess of the minimum wage. Defendants have admitted that they failed to keep adequate records of Plaintiff's work hours and pay.

Defendants' failures to respond to Plaintiff's requests for

admission and motion for summary judgment has left them in an indefensible position. See id. at 418 (affirming the grant of summary judgment based on deemed admission of the accuracy of an Internal Revenue Service proof of claim); but see AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc., No. Civ. A. 304CV1344D, 2005 WL 3148284, at *6 (N.D. Tex. Nov. 21, 2005)(unpublished)(denying portions of a summary judgment request based on deemed admissions because the requests for admission related to pure conclusions of law, not facts or failed to establish a required element of a claim).

While a motion for summary judgment based on deemed admissions may be harsh in some circumstances, this is not one of those instances. See In re Carney, 258 F.3d at 421. On the contrary, Defendants' failures to respond to Plaintiff's motion for summary judgment, as well as their failures to respond to his requests for admission, give a strong claim for why summary judgment is appropriate in this instance. Id.

### IV. Conclusion

Based on the foregoing, the court **GRANTS** Plaintiff's Motion for Summary Judgment.

**SIGNED** in Houston, Texas, this 1st day of July, 2015.

_____
U.S. MAGISTRATE JUDGE